UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT-SCOTT HARRIS, | ) | CASE NO. 1:12 CV 1845 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NADIA SHAND, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

INTRODUCTION

On July 18, 2012, Plaintiff *pro se* Robert-Scott Harris filed this *in forma pauperis* action

against Nadia Shand, Annemarie De Tommaso, and JPMorgan Chase Bank, N.A.  The

Complaint is unclear, but appears to question the validity of a debt concerning Plaintiff's vehicle.

Plaintiff asserts jurisdiction under 42 U.S.C. §§ 1983 and 1985, and the Civil Rights Act of

1870.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal* , 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

LAW AND ANALYSIS

In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without  service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee.  A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state.  *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).  The Complaint does not contain allegations which might indicate Defendants acted under color of state law and, therefore, the § 1983 claim is dismissed.

Plaintiff's claim under 42 U.S.C. § 1985 must also be dismissed.  To establish a violation of 42 U.S.C. § 1985, Plaintiff must allege that the Defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus.  *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).  Plaintiff simply does not allege such facts.

In sum, even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal

-3-

conclusions in determining whether complaint states a claim for relief).

## CONCLUSION

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e).  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT COURT

Dated: 11/7/12